UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATHANIEL JENKINS, #155668,

        Plaintiff,

v.

HENRY FORD ALLEGIANCE HEALTHCARE SYSTEM,

        Defendant.
_____/

Case No. 1:21-cv-11707
Honorable Thomas L. Ludington
United States District Judge

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING WITHOUT PREJUDICE THE CIVIL RIGHTS COMPLAINT

On July 12, 2021, Plaintiff Nathaniel Jenkins, a state prisoner confined at the Oaks Correctional Facility in Manistee, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, as well as prisoner trust fund account statement in order to proceed without prepayment of the filing fee for this action, ECF No. 2. Plaintiff's Complaint concerns his medical transfer from a hospital in Manistee, Michigan to a hospital in Jackson, Michigan in 2019, his treatment at the Jackson facility, and his request for related medical records in 2020. ECF No. 1 at PageID.5–7. He raises claims under the Emergency Medical Treatment and Active Labor Act, the Medical Records Access Act, and the Eighth and Fourteenth Amendments. *Id*. at PageID.4. He names the Henry Ford Allegiance Healthcare System as the sole defendant in this action and seeks $450 million in damages. *Id*. at PageID.2, 8. Having reviewed the Complaint, the Court denies Plaintiff's application to proceed without prepayment of fees or costs and dismisses the civil rights Complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

## I.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)").

The Court's records reveal that Plaintiff is a prolific litigator in federal court and that he has filed at least three prior civil actions or appeals which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See Jenkins v. Pandya*, No. 1:95-cv-865 (W.D. Mich. Jan. 4, 1996); *Jenkins v. Calley*, No. 4:95-cv-59 (W.D. Mich. June 27, 1995); *Jenkins v. Ralph*, No. 2:94-cv-98 (W.D. Mich. July 18, 1994); *Jenkins v. Pandya*, No. 1:94-cv-182 (W.D. Mich. May 25, 1994). Although the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Additionally, Plaintiff has been denied leave to proceed in

forma pauperis on multiple occasions because he has three strikes. *See, e.g.*, *Jenkins v. Munson Healthcare Manistee Hospital*, No. 1:21-cv-388 (W.D. Mich. June 23, 2021) (citing several additional cases); *Jenkins v. Davids, et al.*, No. 1:21-cv-394 (W.D. Mich. May 20, 2021) (same).[1]

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within the statutory exception to the three strikes rule, "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

Plaintiff makes no such allegations so as to fall within the exception to the three strikes rule. The Complaint involves his medical transfer and health care treatment in 2019 and his medical records request in 2020. Allegations of past injury and conclusory allegations are insufficient to satisfy the exception to the three strikes rule. *See Vandiver v. Prison Health Svs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citing *Rittner*, 290 F. App'x at 797–98; *Taylor v. First Med. Mgt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). Moreover, Plaintiff has not alleged that he is in imminent danger of serious physical injury from the named Defendant. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (seminal case holding that there must be some

---

[1] Plaintiff falsely denied that he had a case dismissed based on the "three strikes rule" on his civil rights complaint form. *See* ECF No. 1, PageID.12. He also falsely denied that he filed other lawsuits dealing with the same facts as this case. *Id*. He has filed at least one lawsuit in federal court involving facts related to this case. *See Jenkins v. Munson Healthcare Manistee Hospital*, No. 1:21-cv-388 (W.D Mich. complaint dated April 27, 2021). Such statements amount to a fraud upon the Court.

nexus between the alleged imminent danger and the legal claims in the complaint); *Andrews v. Cervantes*, 493 F.3d 1047, 1053–54 (9th Cir. 2007); *Ciarpaglini*, 352 F.3d at 330; *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (prisoner does not meet the imminent danger exception when he no longer faces risk from the defendants due to prison transfer); *see also Ball v. Hummel*, 577 F. App'x 96, 96 n.1 (3d Cir. 2014) (citing *Pettus*); *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010) (expounding on *Pettus*); *Tippns v. Holden, et al.*, No. 1:20-cv-598, 2020 WL 4344984, *4–5 (W.D. Mich. July 29, 2020) (discussing cases and statutory language and ruling that imminent danger must be related to the subject of the complaint so as to not subvert the PLRA). Consequently, Plaintiff is not allowed to proceed without prepayment of the filing fee for this action.

Based upon the foregoing, Plaintiff has not shown that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g).

## II.

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed without Prepayment of the Filing Fee, ECF No. 2, is **DENIED**.

It is further **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**. Defendant is permitted to file a new complaint with full payment of the filing fee ($350.00) and the administrative fee ($52.00). An appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). This is a final order and closes the case.

Dated: August 6, 2021　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　United States District Judge