UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATHANIEL JENKINS, #155668,

        Plaintiff,

v.

HENRY FORD HEALTH SYSTEM,

        Defendant.
_____/

Case No. 1:21-cv-11707

Honorable Thomas L. Ludington
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS REQUESTING IMMINENT-DANGER STATUS, OPPOSING DISMISSAL, AND CONTESTING THREE-STRIKES DETERMINATION, AND PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**

On July 12, 2021, Plaintiff Nathaniel Jenkins, a Michigan prisoner confined at the Oaks Correctional Facility in Manistee, Michigan, brought this civil rights action *pro se* under 42 U.S.C. § 1983. ECF No. 1. Plaintiff's Complaint concerns his 2019 transfer from a hospital in Manistee, Michigan to a hospital in Jackson, Michigan, his 2019 treatment at the Jackson hospital, and his 2020 request for related medical records. *Id.* at PageID.5–7. He names the Henry Ford Allegiance Health System as the sole defendant and seeks $450 million in damages. *Id*. at PageID.2, 8.

On August 6, 2021, this Court denied Plaintiff leave to proceed without prepayment of the filing fee and, therefore, dismissed his Complaint without prejudice under 28 U.S.C. § 1915(g)'s three-strikes rule. ECF Nos. 3, 4. The matter is now before this Court on Plaintiff's Motions requesting imminent-danger status, ECF No. 5, opposing the Court's "erroneous" dismissal, ECF No. 6, and contesting the three-strikes determination, ECF No. 7. For the reasons stated hereafter,

all three motions will be denied.[1]

The Prison Litigation Reform Act (PLRA) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The rule stated in § 1915(g) is commonly known as the "three-strikes rule." To successfully invoke the imminent-danger exception, the prisoner must demonstrate that "the threat or prison condition [is] real and proximate and the danger of serious physical injury . . . exist[ed] at the time the complaint [wa]s filed." *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

In Plaintiff's Motion for Imminent Danger Status, he contends that this Court failed to recognize that he is in imminent danger due to his medical diagnoses and conditions. But Plaintiff's Complaint expressly stated that he was diagnosed with "elevated left liver lobe, pancreatitis, appendix, enlarge[d] prostate gland, and enterohepatitis" in 2019. ECF No. 1 at PageID.8. As this Court has explained, "[a]llegations of past injury and conclusory allegations are insufficient to satisfy the exception to the three-strikes rule." ECF No. 3 at PageID.103 (citing *Vandiver*, 727 F.3d at 585).

Plaintiff further alleges that he has or had the following health conditions:

(1) latent tuberculosis; (2) adhesive capsulitis; (3) thicken[ed] appendix; (4) plantar [fasciitis]; (5) pancreatitis; (6) erosive esophagitis; (7) scattered peripheral

---

[1] Consequently, Plaintiff's most recent application to proceed without prepayment of fees or costs, ECF No.11, will also be denied.

>atherosclerotic vascular disease; (8) elevated left-liver lobe; (9) mistreated hepatitis-C; (10) peritonitis, large amounts of ascites; (11) [enterohepatitis]; (12) opportunistic infections; and (13) a parathyroidectomy that left him with a fair amount of scarring and adhes[ion], including degenerative joint disease in both hips and lower back.

ECF No. 5 at PageID.106 (internal quotation marks omitted). He references his 2019 medical records in support. *Id.* But these new allegations do not change the result.

First, Plaintiff did not raise these health conditions until after this Court dismissed his Complaint. A motion for reconsideration is not an appropriate vehicle for a party to raise new facts or arguments. *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331–32 (6th Cir. 2009); *United States v. A.F.F.*, 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001). The purpose of a motion for reconsideration is to allow the court to reconsider its decision if it made a mistake, not to provide the losing party with a second chance to convince the court to rule in his favor by presenting new explanations, legal theories, or facts. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *Southfield Educ. Ass'n v. Bd. of Educ. of the Southfield Pub. Sch.*, 319 F. Supp. 3d 898, 902 (E.D. Mich. 2018); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 474 (6th Cir. 1998) (ruling that an argument was barred where the movant "could have, but did not, raise [its] argument before the district court ruled").

Second, Plaintiff's new allegations do not show that he is in imminent danger of serious physical injury. Simply put, he does not explain why any of his alleged conditions—all which appear to have existed since at least 2019—place him in imminent danger.

Third, Plaintiff's Complaint concerns his 2019 medical transfer and 2020 request for medical records, not his current conditions of confinement. And the named hospital or health care

system is not responsible for his care in prison. Thus, he does not allege that *Defendant* has put him in imminent danger.² *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (seminal case holding that there must be some nexus between the alleged imminent danger and the legal claims in the complaint); *Andrews v. Cervantes*, 493 F.3d 1047, 1053-54 (9th Cir. 2007); *Smith v. Christiansen*, No. 2:20-CV-13202, 2021 WL 37732, *2 (E.D. Mich. Jan. 5, 2021) (collecting cases and dismissing case under the three-strikes rule); *Tippins v. Holden*, No. 1:20-cv-598, 2020 WL 4344984, *4–5 (W.D. Mich. July 29, 2020) (discussing cases and statutory language and ruling that imminent danger must be related to subject of complaint so as to not subvert the PLRA).

Therefore, this Court finds that Plaintiff fails to meet the imminent-danger exception to the three-strikes rule.

In his motion opposing dismissal, Plaintiff argues that the PLRA does not apply to claims against Defendant because his medical care occurred outside the prison system. ECF No. 6 at PageID.108. Plaintiff cites no legal authority, and his claim finds no support in the PLRA's text. Indeed, the three-strikes rule seems to apply in all cases "brought under [§ 1915]." *See* 28 U.S.C. § 1915(g).

Plaintiff also asserts that he does not have three strikes and that there is more than one person in prison with his name. ECF No. 6 at PageID.108–109; ECF No. 7 at PageID.123. But

---

² Plaintiff's case in the Western District of Michigan was recently dismissed for the same reason (among others). *See Jenkins v. Davids*, No. 1:21-CV-646, 2021 WL 3732583, at *5 (W.D. Mich. Aug. 24, 2021) ("Because Plaintiff's allegations concerning the ostensibly 'imminent' danger he faces are incapable of redress in the instant case against the named Defendants, Plaintiff cannot demonstrate the requisite nexus.").

public court records clearly indicate that he has at least three strikes against him. *See Jenkins v. Pandya*, No. 1:95-cv-865 (W.D. Mich. Jan. 4, 1996); *Jenkins v. Calley*, No. 4:95-cv-59 (W.D. Mich. June 27, 1995); *Jenkins v. Ralph*, No. 2:94-cv-98 (W.D. Mich. July 18, 1994); *Jenkins v. Pandya*, No. 1:94-cv-182 (W.D. Mich. May 25, 1994). Additionally, other courts have denied him leave to proceed *in forma pauperis* because of his three strikes. *See, e.g.*, *Jenkins v. Davids*, No. 1:21-cv-646, 2021 WL 3732583 (W.D. Mich. Aug. 24, 2021); *Jenkins v. Munson Healthcare Manistee Hosp.*, No. 1:21-cv-388 (W.D. Mich. June 23, 2021) (citing several cases); *Jenkins v. Davids*, No. 1:21-cv-394 (W.D. Mich. May 20, 2021) (same).

Therefore, Plaintiff's contentions are frivolous and do not warrant reconsideration.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Imminent Danger Status, ECF No. 5, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Motion to Oppose this Court's Dismissal, ECF No. 6, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Motion to Contest the Three-Strikes Determination, ECF No. 7, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, ECF No. 11, is **DENIED**.

This case remains **CLOSED**.

Dated: October 27, 2021                                s/Thomas L. Ludington
                                                                        THOMAS L. LUDINGTON
                                                                        United States District Judge